# WOODMAN *v.* MISSIONARY SOCIETY OF THE METHODIST EPISCOPAL CHURCH.

ORIGINAL MOTION IN A CAUSE BROUGHT HERE BY WRIT OF ERROR
TO THE SUPREME COURT OF THE STATE OF MICHIGAN.

Argued December 19, 1887. — Decided January 9, 1888.

Upon the application of a party interested to vacate the entry of an order dismissing a cause made in vacation pursuant to Rule 28, and after hearing both parties, the court amends the entry by adding " without prejudice to the right of " the petitioner " to proceed as he may be advised in the court below for the protection of his interest."

THE petition of Albert M. Henry, entitled in this cause, set forth the commencement of this action in a state court of Michigan; its prosecution there to final judgment in the Supreme Court of the State ; the writ of error from this court and the docketing of the cause here; the purchase in April and May, 1887, by the petitioner of the right, title, and interest of various of the plaintiffs in error in the suit, some of whom agreed that the cause should not be discontinued, or any further proceedings had therein, without the consent of the petitioner ; the filing on the 8th of June, 1887, in this court of the stipulation set forth below in the opinion of the court, signed by Frank T. Lodge and De Forest Paine as attorneys of record of the plaintiffs in error, and by the attorney of record of the defendant of error; the entry in this court of an order of dismissal, under Rule 28 (108 U. S. 590), pursuant to the stipulation ; and the remittitur from this court to the Supreme Court of Michigan, "where the order of dismissal was also entered and the decree of the Supreme Court affirmed." The petition then concluded as follows :

" At the time said stipulation was signed by said Frank T. Lodge and said De Forest Paine, neither of them represented your petitioner, and if said Lodge and said Paine represented any person or persons in said controversy, they represented said complainants and plaintiffs in error only, who at that time had no interest in said controversy. Immediately after

your petitioner discovered the fact of said dismissal, he applied to said Colton and Roberts to have said cause reinstated, and said Colton and Roberts, by their agent, informed your petitioner that they would do all they could to reinstate said cause, and expressed a desire that your petitioner indemnify them for any costs they might thereafter incur in said cause, and your petitioner agreed to file a satisfactory bond for that purpose, but said Colton and Roberts thereafter refused to do anything further in the matter and refused to have said stipulation recalled or said order vacated, and said stipulation to dismiss still remains of record in this court, and said order dismissing said cause, still remains of record. Immediately after receiving notice from said Colton and Roberts that they would do nothing further in said matter, your petitioner proceeded to prepare this petition, and he submits that said stipulation was entered into without authority and is void, and the order entered upon it is void, and that neither said complainants Colton and Roberts, nor their attorneys, counsellors or solicitors, had any right to file said stipulation or to dismiss said cause. Your petitioner submits that while said stipulation and order of dismissal are void under the circumstances of this case, yet they are not void upon their face, and are apparently a bar to the complainant's right of action and might be used to wrong and injure your petitioner in the suit he is about to institute for the purpose of reviving said cause and having his rights, acquired under said assignment, adjudicated. Your petitioner is ready and willing to indemnify any of the parties to this suit in any manner, and to any amount that this court shall direct.

"Your petitioner therefore asks: (1) That an order may be entered in this cause setting aside and vacating said order of discontinuance, so that your petitioner may have said cause revived as to himself as the grantee and assignee of said complainants Colton and Roberts. (2) That your petitioner may have such other and further relief as shall be just and equitable. (3) That the parties to this suit and each and all of them may be cited to appear in this court and cause at a time to be named, and show cause, if any there be, why the prayer of your petitioner should not be granted."

This petition was presented to the court October 24, 1887, and thereafter the following notice issued, signed by the attorney for the petitioner, entitled in the cause, and directed to each and all the parties, and the attorneys of record.

"Take notice. A petition, of which the foregoing is a true copy, was on October 24th, 1887, filed in said court and cause, and the same was presented to the court in open court, and an order was then and there made by said court in said cause, that you and each of you do show cause if any there be, why the prayer of said petitioner should not be granted. You and each of you are therefore hereby notified to be and appear before the Supreme Court of the United States, at the court room in the City of Washington, District of Columbia, on Monday, December 19th, 1887, at the opening of court on that day, and show cause, if any there be, why the prayer of the petitioner should not be granted."

The plaintiffs in error appeared at the return day, and filed affidavits in response to some the allegations in the petition.

*Mr. George William Moore* for petitioner.

*Mr. De Forest Paine* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This writ of error was docketed here October 12, 1885. On the 8th of June, 1887, the parties of record entered into the following stipulation:

"It is hereby stipulated and agreed by and between the parties to this cause, by their respective attorneys, that the writ of error and appeal herein be dismissed and the said cause discontinued without costs to either party; that each party pay his own costs in this court and in the courts below; that the bond for damages executed by plaintiffs in error and sureties be cancelled and the liability of the obligors discharged.

"An order shall be entered with the clerk accordingly."

Our Rule 28 is as follows:

"Whenever the plaintiff and defendant in a writ of error

pending in this court, or the appellant and appellee in an appeal, shall in vacation, by their attorneys of record, sign and file with the clerk an agreement in writing directing the case to be dismissed, and specifying the terms on which it is to be dismissed as to costs, and shall pay to the clerk any fees that may be due to him, it shall be the duty of the clerk to enter the case dismissed, and to give to either party requesting it a copy of the agreement filed; but no mandate or other process shall issue without an order of the court."

Pursuant to this rule the stipulation of the parties was presented to the clerk of this court, on the 8th of June, 1887, in vacation, and he entered the case dismissed. No mandate or other process has as yet been ordered by the court.

Albert M. Henry claims to have purchased from Charles B. Colton and Lester A. Roberts, two of the plaintiffs in error, their respective interests in the land which is the subject matter of the controversy in the suit, on the 16th of May, 1887, before the stipulation was signed. He now comes here and by petition asks " that an order be entered in this court setting aside and vacating said order of discontinuance, so that your petitioner may have said cause revived as to himself as the grantee and assignee of said complainants, Colton and Roberts," on the ground that the stipulation was signed after his purchase and without authority from him.

Upon consideration of this petition it is

*Ordered that the entry of dismissal made in vacation be amended by adding thereto these words: " without prejudice to the right of Albert M. Henry to proceed as he may be advised in the court below for the protection of his interest."*